CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 DEC 27  AM 11: 41

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **PRINCE ARTMAN LATOYA,** | § | |
| **Institutional ID No. 72816513,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:12-CV-085-BL** |
| **MARCELLO VILLEGAS, *et al.*,** | § | **ECF** |
| | § | |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Rolling Plains Regional Jail and Detention Center ("Rolling Plains Jail"), has filed a complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 on May 17, 2012 (Doc. 1). Plaintiff alleges that he has been subjected to cruel and unusual punishment (because he was not paid proper wages for his work in the kitchen), to religious discrimination (because he did not receive diet, mosque access, and religious items adequate to the practice of his Islamic faith), and racial discrimination (because favoritism has been shown to Hispanic inmates). Plaintiff also claims that Defendants conspired against him. The Defendants in this case, all Rolling Plains Jail staff members, include Marcello Villegas, José Ontiveros, and Leandro Hernandez

This matter was reassigned to the United States Magistrate Judge on June 6, 2012 (Doc. 7). The court entered an Order Setting Evidentiary Hearing on July 6, 2012 (Doc. 9), pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915. Plaintiff has refused to consent to

having the United States Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c).

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint as supplemented by his testimony at the evidentiary hearing in this case, as well as Plaintiff's various additional written documents and makes the following report and recommendation to the United States District Judge.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as developed by his testimony, Plaintiff claims that:

Plaintiff has been confined to the Rolling Plains Jail, operated by Emerald Correctional Management, during all times relevant to the claims in his complaint. He alleges that Rolling Plains Jail staff have failed to provide him with a religious diet that conforms with his Islamic religion and only permit him to use the mosque thrice daily to pray, rather than five times per day. He alleges that he was not provided with certain religious materials. He alleges that Defendants did not pay him for work he performed in the kitchen as a participant in the facility work program. He alleges that Defendants treat Hispanic detainees better than black detainees.

Plaintiff is seeking declaratory and injunctive relief and an award of damages.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).  "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's arguments and claims in his complaint and testimony to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

## A. Cruel and Unusual Punishment Claims

Plaintiff has claimed that Defendants conspired to underpay him for his work in the kitchen, and to remove him from kitchen duty. However, Plaintiff has no constitutionally protected interest in a specific job. The Fifth Circuit addressed this specific issue, noting that prisoners have no constitutionally protected liberty or property interests per se in their prison job assignments. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (citing *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989)). Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to "due process" protections. *Bulger*, 65 F.3d at 49 (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). No liberty interests protected by the due process clause are implicated in a prisoner's disciplinary matter that has not resulted in restraint that exceeds

the inmate's sentence in an unexpected manner or that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, neither Plaintiff's job assignment in the kitchen nor his disciplinary removal from that assignment have imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Bulger*, 65 F.3d at 50 (citing *Sandin*, 515 U.S. at 484). The court finds that Plaintiff has failed to state an actionable constitutional claim of cruel and unusual punishment. Therefore, the court **RECOMMENDS** that any such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## B.     Equal Protection Claim

Plaintiff alleges that Defendants deprived him of equal protection of the laws and subjected him to racial and religious discrimination.

To succeed on his equal protection claim, Plaintiff "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Adkins v. Kaspar,* 393 F.3d 559, 566 (5th Cir. 2004) (citing *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)).

Plaintiff's allegations fail to demonstrate any basis for a claim based on racial discrimination or a deprivation of Equal Protection of the Laws. Plaintiff relies entirely upon his conclusory allegation of discrimination to support this claim. The court finds that Plaintiff has failed to state an actionable constitutional claim for deprivation of equal protection of the laws. Therefore, the court **RECOMMENDS** that any such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

## C. Religious Liberty Claims

Plaintiff alleges that the Defendants impermissibly infringed upon his rights of free exercise of religion in several ways: by failing to accommodate his dietary needs and his requirements to pray in the manner his religion required and by failing to provide him with various religious items.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. *Hudson v. Palmer*, 468 U.S. 517, 523, (1984). While imprisonment "necessarily entails a loss of manifold rights and liberties," a prisoner's right to practice his religious beliefs is protected. *Muhammad v. Lynaugh*, 966 F.2d 901, 902 (5th Cir. 1992). This right is, however, subject to reasonable restrictions and limitations necessitated by penological goals. *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). A prisoner "is not free to do that which he might wish to do, nor may he do allowable things at a time and in a manner he might prefer." *Muhammad*, 966 F.2d at 902. Several factors are relevant in determining whether a prison regulation infringes on an inmate's constitutional rights: (1) is there a valid, rational correlation between the prison regulation and the legitimate governmental interest advanced; (2) are there alternative means of exercising the rights that remain available to the inmates; and (3) what is the impact of an accommodation in favor of the inmate on prison staff, other inmates, and the allocation of prison resources generally. *Id.* A prisoner's First Amendment rights may be circumscribed when legitimate penological objectives such as institutional order and security outweigh the concerns associated with preservation of the inmate's right. *See Thornburgh v. Abbott*, 490 U.S. 401, 404, 419 (1989). The court will accord "great deference to prison administrators' judgments regarding jail security." *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

Prison regulations that impinge on fundamental constitutional rights are reviewed under the deferential standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987). Under *Turner* "a prison

regulation that impinges on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. *Turner* employs a four-factor test to resolve this inquiry: (1) whether there is a rational relationship between the regulation and the legitimate government interest advanced; (2) whether the inmates have available alternative means of exercising the right; (3) the impact of the accommodation on prison staff, other inmates, and the allocation of prison resources generally; and (4) whether there are "ready alternatives" to the regulation. *Id.* at 89-91; *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50, 107 S. Ct. 2400, 2405, 96 L. Ed. 2d 282 (1987). A court "must determine whether the government objective underlying the regulation at issue is legitimate and neutral, and that the regulations are rationally related to that objective." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 414-15 (1989)).

Prisons need not respond to particularized religious dietary requests to comply with the First Amendment. *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. Tex. 2007) (citing *Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986)). Pursuant to *Baranowski*, it is clear that Rolling Springs Jail is not required to provide Plaintiff with a religious diet; here, Plaintiff nevertheless had access to the common fare diet.

Plaintiff has complained of only being able to pray in a mosque thrice daily, rather than five times daily. However, allowing all inmates to travel to mosque or chapel whenever they wish could significantly disrupt the management of the prison, and Rolling Plains Jail has a legitimate penological interest in avoiding this. *See Turner*, 482 U.S. at 90, 107 S. Ct. at 2262 ("When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of correctional officials.").

-7-

Plaintiff has also complained that Rolling Plains Jail officials had not provided him with his preferred edition of the Quran prior to this suit, and have yet to provide him with a set of Islamic prayer beads to supplement the set already shared among the facility's fewer than twenty Muslim inmates. However, Plaintiff's allegations demonstrate that he has opportunities to exercise his religious beliefs, although he was not able to conform to all of his very specific beliefs.

The Fifth Circuit has explained:

> the Fourteenth Amendment does not demand "that every religious sect or group within a prison – however few in numbers – must have identical facilities or personnel." Instead, prison administrators must provide inmates with "reasonable opportunities . . . to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments."

*Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 862-863 (5th Cir. Tex. 2004) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). The *Turner* analysis "applies with corresponding force to equal protection claims." *Freeman*, 369 F.3d at 863. Here, as in *Freeman*, Plaintiff's own allegations demonstrate that he was fed and housed like other prisoners. Plaintiff seeks special treatment rather than equal treatment. His rights under the Constitution are not implicated therein.

The court finds that Plaintiff has failed to state an actionable constitutional claim for deprivation of equal protection of the laws. Therefore, the court **RECOMMENDS** that any such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

D.     **Conspiracy Claims**

Plaintiff generally alleges that various Defendants conspired against him.

To prove a conspiracy claim cognizable under § 1983, Plaintiff is required to show that the Defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990) (citing *Thomas v. City of New Orleans*, 687 F.2d 80, 83 (5th Cir. 1982)). The Fifth Circuit has stated that specific facts must be pled when a

conspiracy is alleged. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit a criminal act. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). Conclusory allegations of conspiracy will not support a claim under § 1983. *Wilson v. Budney*, 976 F.2d 958 (5th Cir. 1992). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). In addition, to recover on a claim of conspiracy, the Fifth Circuit has held that there must be an actual deprivation of a constitutional right; a mere conspiracy to deprive is insufficient. *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

Plaintiff relies entirely upon his conclusory allegations to support his claim of conspiracy. Plaintiff's allegations, accepted as true, fail to demonstrate that the named Defendants acted together to deprive him of a constitutional right, that he was deprived of any right, or that the Defendants agreed to commit a criminal act. The allegations fail to demonstrate any agreement involving each of the named Defendants. Plaintiff's conspiracy claims lack an arguable basis in law or fact. Therefore, the court **RECOMMENDS** that any such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### E. Official Capacity Claims

Plaintiff has not indicated whether he is suing the Defendants in their official as well as individual capacities.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not

consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). As an instrumentality of the state, TDCJ is immune from a suit for money damages under the Eleventh Amendment. *Talib*, 138 F.3d at 213. Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to correctional officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)). Plaintiff's allegations fail to demonstrate any such policy.

Insofar as Plaintiff asserts claims against the Defendants in their official capacities, these claims lack an arguable basis in law or fact and the court **RECOMMENDS** that any such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

### III.  CONCLUSION, RECOMMENDATION, AND TRANSFER

Having carefully considered Plaintiff's factual allegations, his testimony, his claims, and the applicable law, the court finds that Plaintiff has failed to state cognizable claims for cruel and unusual punishment, for violation of equal protection of the laws, for violation of his right to free exercise of religion, or for conspiracy. The court, therefore **RECOMMENDS** that Plaintiff's constitutional claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**, as to all Defendants, as asserted against them in their individual and official capacities.

Any pending non-dispositive motions not otherwise addressed above are **DENIED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 27th day of December, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE